UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:11-CR-21-GFVT-HAI |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| MICHAEL L. LUTTRELL, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

On referral from District Judge Van Tatenhove (D.E. 50), the Court considers reported violations of supervised release conditions by Defendant Michael Luttrell. Judge Van Tatenhove entered a judgment against Luttrell on November 9, 2011, for setting fire to public lands in violation of 18 U.S.C. § 1855. D.E. 44. Luttrell was sentenced to twenty-seven months of imprisonment followed by thirty-six months of supervised release. *Id.* at 2-3. Luttrell began his initial supervised release term on May 31, 2013.

On July 17, 2015, the USPO issued a Supervised Release Violation Report (the "Report"), charging Luttrell with violating the condition that he refrain from committing another federal, state, or local crime. According to the Report, on July 14, 2015, Luttrell was arrested for, and charged with, Assault Fourth Degree, in violation of Kentucky Revised Statute § 508.030. According to the Uniform Citation attached to the Report, the Kentucky State Police initially responded to a complaint of a domestic disturbance involving a husband and wife fighting in front of an apartment building. Upon the KSP Trooper's arrival, Sasha Luttrell (the wife of Defendant Luttrell) stated that Luttrell punched her in the back, grabbed her by the back of the neck, and threw a chair at her. The KSP Trooper noted observing light red marks on

Sasha Luttrell's back and a hole in a cabinet door where Luttrell allegedly threw the chair. Luttrell was lodged in the Knox County Jail, and released on bond on July 16, 2015. The charge was subsequently dismissed by the Knox District Court. Assault Fourth Degree, in violation of Kentucky Revised Statute § 508.030, is a Class A Misdemeanor and would be a Grade C supervised release violation.

On August 4, 2015, the USPO issued a Supervised Release Violation Report Addendum (the "Addendum") charging Luttrell with violating the condition that he notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. This is a Grade C supervised release violation.

The Court conducted an initial appearance pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure on August 4, 2015. D.E. 54. Counsel for Luttrell requested a preliminary hearing, and the court found probable cause to believe that Luttrell Committed Violation Two as set out in the Addendum. *Id*. Pursuant to Rule 32.1(b)(1)(C), the Court dismissed Violation One because the United States was not prepared to address the essential elements of Fourth Degree Assault under Kentucky law. *Id*. At the initial appearance, the United States moved for interim detention, and Luttrell moved for release. *Id*. Based on the heavy § 3143(a) defense burden, the Court found that Luttrell failed to justify release and remanded him to the custody of the United States Marshal.

At the final hearing on August 13, 2015, Luttrell was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 60. Luttrell competently entered a knowing, voluntary, and intelligent stipulation to Violation Two. For purposes of Rule 32.1 proceedings, Luttrell admitted the factual basis for Violation Two as described in the Addendum. *Id*.

The parties presented an agreement as to the sentence: revocation and a term of imprisonment of time served with a term of supervision of twelve months to follow under the originally imposed conditions, with the modified condition that Luttrell submit to weekly drug testing for a period set by the Court followed by a status conference to determine whether such frequent drug testing should continue. After considering the 3553 factors, the government argued that the nature and circumstances of Luttrell's underlying offense are unrelated to the conduct charged in the Report and Addendum. The government indicated that Luttrell's prior bond violation and history of substance abuse were the main drivers of its recommendation, but that it believed an extended period of supervised release and weekly drug testing sufficiently addressed those concerns. The government argued that such a sentence would provide deterrence and protect the public going forward, while allowing Luttrell to keep working and supporting his family.

Defense counsel agreed with the government's reasoning supporting the joint recommendation. He argued that Luttrell's violation was at the lower end of the spectrum of Grade C violations, and that a person convicted of a first offense of Fourth Degree Assault would typically receive no jail time whatsoever. Defense counsel noted that Luttrell had been making all required restitution payments and had passed all drug tests. He argued that the jointly recommended sentence would be a wakeup call to be compliant with all conditions, including the ones that are more technical in nature.

The Court has evaluated the entire record, including the Supervised Release Violation Report, Addendum, and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis. Under section 3583(e)(3), a defendant's

maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Luttrell pled guilty to setting fire to public lands under the control and jurisdiction of the United States, which conviction is a Class D felony. *See* 18 U.S.C. § 1855; 18 U.S.C. § 3559. For a Class D felony, the maximum revocation sentence provided under section 3583 is two years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under section 7B1.1, Luttrell's admitted conduct would qualify as a Grade C violation. Given Defendant's criminal history category of II (the category at the time of the conviction in this District) and a Grade C violation, Luttrell's Range, under the Revocation Table of Chapter 7, is four to ten months.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Defendant did break the Court's trust by failing to report his arrest in a timely fashion as required. Here, because the Court is unaware of what led to the altercation between Luttrell and his wife on July 17, 2015, it is difficult to fashion a sentence that addresses the source of the conduct that led to the charged

violations. Defendant will have to solve that problem if he wants to improve his behavior while on release. Furthermore, the Court is confronted with hearsay evidence of drug use by Luttrell while on release (which was described by Officer Jones's testimony during the initial appearance), which is certainly concerning. Any future violations would not be met with leniency.

The Court has carefully weighed the nature and circumstances of the offense, *see United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release), the need for education, training, and treatment, the need to deter criminal conduct, and the need to protect the public. Ultimately, the Court finds that the parties' proposed term of imprisonment of time-served is sufficient, but not greater than necessary, to meet the statutory goals of sentencing at this stage.

Because such a sentence deviates from the Guidelines Range, the Court "'must adequately explain the chosen sentence—including an explanation of *any deviation* from the Guidelines range.'" *United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). The Court is also required to "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *Id.* (quoting *Gall*, 552 U.S. at 50). Finally, the Court must state "'the *specific reason* for the imposition of a sentence different from that described [in the applicable Guidelines or policy statements.]" *Id*. (quoting 18 U.S.C. § 3553(c)(2)). The Court finds that a downward deviation from the Guidelines Range is appropriate in this context based upon Luttrell's commitment to continue working to support his family, his history of making restitution, and

5

USPO Griewe's report that Luttrell had been very cooperative and compliant with his conditions prior to this incident.

A court also may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Given the nature of Luttrell's conviction, pursuant to 18 U.S.C. §§ 1855 and 3583(b)(2) and (h), Luttrell can be placed on supervised release for thirty-six months following revocation, less any period of incarceration imposed here. As described above, additional supervision is necessary to address the concerns of the Court raised by the conduct described in the Report and the Addendum. Luttrell would benefit from increased drug testing, and supervision would serve to deter further criminal conduct and protect the public. Accordingly, the Court recommends that a twelve month term of supervised release be reimposed under the conditions of Luttrell's original Judgment (D.E. 44 at 3-4), modified as requested by the parties. Specifically, Luttrell shall submit to weekly drug testing for a period of four months, at which time Judge Van Tatenhove should hold a status conference to determine whether such frequent drug testing should continue.

Based on the foregoing, the Court **HEREBY RECOMMENDS**:

1. Revocation and incarceration for a term of time-served; and

2. Twelve months of supervised release to follow under the conditions previously imposed at Docket Entry 44, with the modification that Luttrell shall submit to weekly drug testing for a period of four months followed by a status conference

before District Judge Van Tatenhove[1] to discuss the necessary frequency of continued drug testing.

Luttrell's right of allocution under Rule 32.1 is preserved, as reflected in the record.  Any waiver should comport with the Court's standard waiver form, available from the Clerk.  Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute.  *See also* 18 U.S.C. § 3401(i).  As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.  Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 20th day of August, 2015.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge

---

[1] The Court recommends such a conference because the undersigned would not have the authority to modify Luttrell's conditions imposed by a revocation judgment.